IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWRENCE WALKER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> LARRY G. MASSANARI, ) <br> COMMISSIONER OF SOCIAL SECURITY, ) <br> ) <br> Defendant. ) | Civil Action No. 01-1946 |
| JEFFREY R. GARRIS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JO ANNE B. BARNHART, ) <br> COMMISSIONER OF SOCIAL SECURITY, ) <br> ) <br> Defendant. ) | Civil Action No. 02-1046 |

## O R D E R

AND NOW, this 22nd day of September, 2010, upon consideration on remand of "Plaintiff's Motion for Approval of Fee Agreement and Authorization of Payment of Attorney Fees Withheld to Counsel" (Document No. 21), filed at Civil Action No. 02-1046 on February 9, 2007, and "Plaintiff's Motion for Approval of Fee Agreement and Authorization of Payment of Attorney Fees Withheld to Counsel" (Document No. 20), filed at Civil Action No. 01-1946 on October 17, 2007, and upon further consideration of Plaintiffs' briefs in support thereof and Defendant's responses thereto, and after

1

consideration of the evidence presented at the April 18, 2010 hearing regarding said Motions,

IT IS HEREBY ORDERED that said Motions are DENIED as untimely.

I. **Background**

Although these motions were purportedly filed by the plaintiffs in each respective matter, it is the plaintiffs' counsel, Zenford Mitchell, who is the true party of interest in regard to these motions. Counsel had represented Plaintiff Garris throughout the proceedings in Case No. CA 02-1046, Garris v. Commissioner of Social Security, both at the administrative level before the Commissioner of Social Security ("Commissioner") and at the district court level. This Court, after remanding the case to the Commissioner for further proceedings, awarded attorneys' fees on November 19, 2003, for Attorney Mitchell's work in court pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). The Court awarded counsel all of the fees he requested, $2,621.68, with reasonable interest, for work that is essentially the same work for which he sought fees in the present motion at Case No. CA 02-1046.[1]

On August 27, 2004, after the case had been remanded, an administrative law judge ("ALJ") entered a fully favorable decision on Plaintiff Garris' behalf. According to counsel, the award of past-due benefits was about $62,232.00, of which $15,558.00 was withheld by the Commissioner. Almost two and a half years later, on February 9, 2007,

---

[1] It should be noted that fees awarded pursuant to the EAJA are calculated in a different manner than fees awarded pursuant to 42 U.S.C. § 406(b). See Gisbrecht v. Barnhart, 535 U.S. 789 (2002). Accordingly, counsel was free to argue that he was entitled to fees for this work beyond that provided pursuant to the EAJA.

2

Attorney Mitchell filed the present motion in Case No. CA 02-1046. In this motion, counsel sought an order approving the fee agreement between the plaintiff and counsel and directing the payment of $15,558.00 in attorneys' fees to counsel pursuant to 42 U.S.C. § 406(b).

Attorney Mitchell also had represented Plaintiff Walker throughout the proceedings in Case No. CA 01-1946, Walker v. Commissioner of Social Security, both at the administrative level before the Commissioner and at the district court level. This Court, after remanding the case to the Commissioner for further proceedings, awarded counsel fees on August 27, 2002, for his work in court pursuant to the EAJA. Although the Court did not award all of the fees requested by counsel, it did award $1,665.29 for work that is essentially the same work for which he sought fees in the present motion at Case No. CA 01-1946.

Apparently, on February 25, 2004, after the case had been remanded, an ALJ entered a fully favorable decision on Plaintiff Walker's behalf.[2] According to counsel, $5,399.75 of the award of past-due benefits was withheld by the Commissioner.[3] Over three and a half years later, on October 17, 2007, counsel filed the present motion in Case No. CA 01-1946, seeking an order approving the fee agreement between Plaintiff Walker and counsel and directing the payment of $5,399.75 in attorneys' fees to counsel pursuant to Section 406(b).

---

[2] The ALJ's decision is not part of the record; although it is identified in counsel's motion as Exhibit B, there is no Exhibit B to counsel's motion, brief, or affidavit.

[3] Counsel did not actually specify, or provide any documentation of, the actual amount of past-due benefits awarded.

3

The Commissioner did not object to the payment of fees as requested in Walker. In Garris, the Commissioner did not oppose an award of fees altogether, but did object to the amount of fees requested by Attorney Mitchell, arguing that the fees should be reduced. The Commissioner did not challenge the timeliness of either motion.

On January 29, 2008, this Court issued an order in each of these two cases denying the motions for fees as untimely. Attorney Mitchell, on behalf of the plaintiffs in each case, appealed. On February 2, 2010, the Third Circuit Court of Appeals vacated this Court's dismissal of the motions and remanded to give counsel an opportunity to present evidence as to why his motions for fees are timely.

This Court held a hearing on April 18, 2010, to allow counsel such an opportunity. At the hearing, counsel reasserted his position, first set forth on appeal, that he had been notified of the award of past-due benefits on December 1, 2006, in Garris, and on June 26, 2007, in Walker. He argued that the notice he received on these dates was not by mail, but rather, by phone. He presented no evidence that such notice was received within 14 days of the filing of his motions requesting fees, but, instead, argued that the Third Circuit had erred in finding that there is a time limit for seeking fees pursuant to Section 406(b).

The Government presented evidence at the hearing that counsel actually had received notice of the award in Walker by way of a written notice addressed and mailed to him on or around June 27, 2004, enclosing a copy of a letter sent to Plaintiff Walker explaining the award of benefits. (Declaration of Janet Eldridge under 28 U.S.C. § 1746 in Walker ("Eldridge Decl. 1") at ¶¶ 2-4, Exs. A and B). The Government further

submitted evidence that the notice had not been returned to the Commissioner as undeliverable and that it therefore presumably had been received. (Eldridge Decl. 1 at ¶ 5). It also presented evidence that counsel had called the Commissioner in regard to this award in June of 2007 and that a second mailing was sent out in September of 2007.

The Government presented evidence that counsel had received notice of the award in Garris by way of a written notice addressed and mailed to him on or around February 2, 2005, enclosing a copy of a letter sent to Plaintiff Garris explaining the award of benefits. (Declaration of Janet Eldridge under 28 U.S.C. § 1746 in Garris ("Eldridge Decl. 2") at ¶¶ 2-4, Exs. 1 and 2). The Government further submitted evidence that, as in Walker, the notice had not been returned to the Commissioner as undeliverable and that it therefore presumably had been received. (Eldridge Decl. 2 at ¶ 5). It presented further evidence of a facsimile received from counsel on December 16, 2005, indicating his intention to seek attorneys' fees in that case, but also indicating that "additional time is necessary to process the petition." (Eldridge Decl. 2 at ¶ 6, Ex. 3). However, no extension of time to seek attorneys' fees was ever sought or granted by the Commissioner.

## II. Discussion

In the appeal of these cases, the Third Circuit addressed the issue of the filing deadline governing a petition for fees pursuant to Section 406(b). See Walker v. Astrue, No. 08-1446. It noted, as this Court had noted, that Section 406(b), while providing for the awarding of fees, does not contain any explicit time limit for requesting fees. After discussing decisions from the Fifth, Eleventh, and Tenth Circuits, see Pierce v. Barnhart,

440 F.3d 657 (5th Cir. 2006); Bergen v. Barnhart, 454 F.3d 1273 (11th Cir. 2006); McGraw v. Barnhart, 450 F.3d 493 (10th Cir. 2006), the Third Circuit agreed with the Fifth and Eleventh Circuits that the time frame for filing a petition for fees pursuant to Section 406(b) is governed by Federal Rule of Civil Procedure 54(d)(2). This Rule provides that a motion for attorneys' fees must be filed no later than 14 days after the entry of judgment, unless otherwise provided by court order or statute. After discussing the difficulty of applying this Rule in Social Security cases, the Circuit Court used the doctrine of equitable tolling to decide the matter.

Accordingly, the Third Circuit held that Rule 54(d)(2) is the appropriate avenue through which counsel can seek attorneys' fees following a Section 406(b) administrative remand. It further held that application of the filing deadline is tolled until notice of the award is issued by the Commissioner and counsel is notified of the award. Counsel has 14 days from notification of the notice of award to file a fee petition in the district court.

As noted, counsel claims that he had been notified by phone of the award of past-due benefits on December 1, 2006, in Garris, and on June 26, 2007, in Walker.[4] The Government presented evidence that notice actually had been received by counsel much earlier. While the Court finds the Government's evidence to be far more persuasive, it does not matter which date the Court chooses because counsel's motions would still be untimely even based on his own dates because his motion in Garris was not filed until February 9, 2007, and his motion in Walker was not filed until October 17, 2007.

---

[4] There is no requirement in the Third Circuit's decision that notice be written. In any event, the Government established, by any standard of proof, that written notice was sent to and received by counsel on the dates set forth above.

Accordingly, pursuant to the Third Circuit's holding in these cases, counsel's motions are untimely under Section 406(b).

Moreover, there are no grounds for any further equitable tolling of the time period for filing motions. Counsel showed little diligence in attempting to seek fees in a timely manner. By his own admission, counsel had notice of the awards of past-due benefits in these cases well more than 14 days, and in fact months, before filing his motions requesting fees. The Government presented compelling evidence that the delay actually was much longer. No reason has been given for the enormous delay in seeking fees.

Further, the Court notes that Section 406(b) authorizes it to approve counsel's request for fees from a claimant's award only for services performed in court. Compensation for work performed during the administrative phase of these cases must be determined separately by the Commissioner. See Guido v. Schweiker, 775 F.2d 107 (3d Cir. 1985). As noted above, this Court, on August 27, 2002, awarded fees for counsel's work in court in Walker pursuant to the EAJA. Although the Court did not award all of the fees requested by counsel, it did award $1,665.29. On November 19, 2003, the Court also awarded counsel fees for his work in court in Garris pursuant to the EAJA. In that case, the Court awarded counsel all of the fees he requested, $2,621.68, with reasonable interest. The work in court for which counsel sought fees under the EAJA in both cases is essentially the same work for which he seeks fees in the instant motions.

Although fees awarded pursuant to the EAJA are calculated in a different manner than fees awarded pursuant to Section 406(b), see Gisbrecht v. Barnhart, 535 U.S. 789

7

(2002),[5] the fact remains that counsel has received compensation of some sort for his time spent in court. It may well be that counsel could have received greater fees pursuant to Section 406(b), but he is not being left with no fee whatsoever for his court work performed. Moreover, counsel may have recourse through the Commissioner for fees for time spent at the administrative level, since it is the Commissioner who must approve any such fees.[6] It simply cannot be said that it is extraordinary or manifestly unjust for counsel to be denied fees under Section 406(b) when he has already been compensated for that work, albeit at a lesser rate.

It is noteworthy that neither of counsel's motions makes any mention of his award of fees under the EAJA in the two matters, even though any fees awarded under Section 406(b) must be offset by those prior awards. See Gisbrecht, 535 U.S. at 796. Likewise, he seems to be seeking an award of fees for work done both before this Court and at the administrative level, as he attempts to justify the fees sought by citing to work performed both in court and before the Commissioner. As discussed above, the Court is not authorized to award fees for work done before the Commissioner. Counsel has also failed to make part of the record the notice of award or any other document substantiating the amount of past-due benefits awarded in these cases, relying instead merely on his own contentions regarding these amounts. In Walker, he failed to even

---

[5] The Supreme Court, in Gisbrecht, held that Section 406(b) does not displace contingent-fee agreements within the statutory ceiling, but rather, instructs courts to review for reasonableness fees yielded by those agreements. See 535 U.S. at 808-09.

[6] Counsel apparently did seek fees from the Commissioner in Walker, and has represented that he was awarded $7,000 in fees in that case.

make the ALJ's decision a part of the record. Indeed, even if the motions had been timely, the Court could not have awarded fees in the amounts sought.

## III. **Conclusion**

For all of the reasons set forth herein, the Court finds the present motions to be untimely, and, accordingly, the motions are denied.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record